**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DECONTEE BARJEBO,

Plaintiff,

v.

AMAZON.COM SERVICES LLC,

Defendant.

Case No.: 1:26-cv-13999

**COMPLAINT**

**JURY DEMANDED**

Now comes the Plaintiff, DECONTEE BARJEBO ("Plaintiff"), by and through her attorneys, and for her Complaint against the Defendant, AMAZON.COM SERVICES LLC ("Defendant"), Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is a complaint for damages, equitable relief, and injunctive relief for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, as amended, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*

## JURISDICTION AND VENUE

2. All conditions precedent to this Court's jurisdiction have occurred or have been complied with. Specifically:

   a. Plaintiff filed an Amended Charge of Discrimination, Number 440-2026-02374, with the Equal Employment Opportunity Commission ("EEOC") on June 10, 2026.

   b. The EEOC issued a Notice of Right to Sue to Plaintiff for said charge on August 19, 2026.

3. This Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331, as they arise under the laws of the United States, specifically Title VII and the ADA.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(3), because a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

5. Plaintiff is an individual who at all relevant times resided in South Holland, Illinois.

6. On information and belief, Defendant is a limited liability company of the State of Delaware, which is registered with the Secretary of State to do business in Illinois, and which has its principal place of business in Seattle, Washington.

7. Plaintiff is a "person" as defined in 42 U.S.C. § 12111(7), as she meets the definition of a "person" contained in 42 U.S.C. § 2000e(a), in that she is an individual.

8. Defendant is a "person" as defined in 42 U.S.C. § 12111(7), as it meets the definition of a person contained in 42 U.S.C. § 2000e(a), in that it is an association and/or an unincorporated organization.

9. Plaintiff is also a "person" as defined in 42 U.S.C. § 2000e(a), as she is an individual.

10. Defendant is also a "person" as defined in 42 U.S.C. § 2000e(a), as it is an association and/or an unincorporated organization.

11. Defendant is an "employer" as defined in 42 U.S.C. § 12111(5)(A), as it is a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

12. Defendant is also an "employer" as defined in 42 U.S.C. § 2000e(b), as it is a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

13. Plaintiff is an "employee" as defined in 42 U.S.C. § 2000e(f), as she is an individual who was employed by Defendant, an employer.

14. Plaintiff is also an "employee" as defined in 42 U.S.C. § 12111(4), as she is an individual who was employed by Defendant, an employer

15. Plaintiff is a "qualified individual" as defined in 42 U.S.C. § 12111(8), as she is an individual who, with or without reasonable accommodation, could perform the essential functions of the employment position that she held with the Defendant.

## BACKGROUND FACTS

16. At the time of the incidents alleged herein, Plaintiff was employed by Defendant at its facility located in Monee, Illinois.

17. While working for Defendant, Plaintiff suffered from severe menstrual symptoms that sometimes inhibited her ability to work.

18. Plaintiff's severe menstrual symptoms are a "disability" as defined in 42 U.S.C. § 12102(1), as it is a physical impairment that substantially limits one or more major life activities of Plaintiff.

19. The major life activities that were substantially limited by Plaintiff's severe menstrual symptoms at the time of her employment with Defendants include, but are not limited to, performing manual tasks and working.

20. Defendant hired Plaintiff on or about September 2, 2025.

21. During her employment with Defendant, Plaintiff performed the duties of her job to all legitimate expectations.

22. Plaintiff’s most recent position with Defendant was a Warehouse Associate.

23. Early in her employment, before October 19, 2025, Plaintiff informed Defendant's Safety and Health team about medical-related restroom issues caused by her disability, that could affect her work activities, and team members assisted her with medical documentation and submissions through Defendant's internal system.

24. On October 19, 2025, Plaintiff accrued inactive time during her shift due to her severe menstrual symptoms and was issued a written warning.

25. On or around November 8, 2025, another employee of Defendant, a Process Assistant named Ricky (last name unknown), began asking Plaintiff intrusive questions regarding her bathroom use and touching her inappropriately.

26. Plaintiff informed Ricky that his conduct was inappropriate, but Ricky’s conduct continued.

27. On or around November 8, 2025, Plaintiff reported Ricky’s actions to the Defendant’s Human Resources Department.

28. Plaintiff was told that Defendant would investigate her report, but Plaintiff was not interviewed and was forced to continue to work alongside Ricky.

29. Following her reports of sexual harassment, Plaintiff experienced increased scrutiny, repeated unfounded disciplinary write-ups, and retaliation.

30. While Plaintiff worked for Defendant, breaks were typically determined by the time between an employee’s last scanned item before break and first scanned item after break.

31. However, employees in Plaintiff's department would often return from break and work for a substantial period before scanning an item since they needed to prepare their stations and tools.

32. Plaintiff's managers were aware of this and did not discipline Plaintiff's co-workers who had not engaged in protected activity if the time between their scans was longer than allowed.

33. Despite never disciplining Plaintiff for her breaks before she engaged in the protected activity described above, on November 22, 2025, Defendant issued an unfounded disciplinary write-up against Plaintiff, alleging that she returned 12 minutes late from a break based on her scan-to-scan time.

34. On December 15, 2025, Defendant issued another unfounded disciplinary write-up against Plaintiff, alleging she returned 12 minutes late from a break based on her scan-to-scan time, and terminated Plaintiff's employment.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## DISCRIMINATION/FAILURE TO ACCOMMODATE

35. Plaintiff incorporates by reference all of her allegations above as though fully set forth herein.

36. Defendant intentionally discriminated against Plaintiff on the basis of her disability by disciplining Plaintiff for her the effects of her disability instead of engaging in an interactive process with her to grant reasonable accommodations.

37. Defendant, through its employees, agents, and/or authorized representatives, knew that its discriminatory of Plaintiff, its failure to accommodate her disability, and its termination of Plaintiff's employment, violated the ADA.

38. Defendant's actions were in willful and wanton violation of Plaintiff's rights.

39. During Plaintiff's employment with Defendant and when Plaintiff's employment was terminated by Defendant, she was subjected to discrimination due to her disability and her requests for reasonable accommodations.

40. The discriminatory treatment to which Plaintiff was subjected includes, but is not limited to, all of the instances alleged above. All of the actions of the individuals described herein were undertaken in their capacities as the employees, agents, and/or authorized representatives of Defendant.

Wherefore, Plaintiff, DECONTEE BARJEBO, respectfully prays this Honorable Court enter judgment against Defendant, AMAZON.COM SERVICES LLC, as follows:

a. Declaring Defendant's practices complained of herein unlawful and in violation of the ADA;

b. Permanently enjoining Defendant, its agents, successors, officers, employees, representatives, attorneys, and those acting in concert with them from engaging in the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

c. Ordering modification or elimination of the practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law, ensuring Defendant will not continue to discriminate against employees exercising their rights under the ADA;

d. Immediately assigning Plaintiff to the position she would now be occupying but for the discrimination by Defendant, and adjusting the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would have

received but for the discrimination by Defendant, or awarding Plaintiff front-end and future pay;

e. Compensating and making Plaintiff whole for all earnings, wages, bonuses, and other benefits that Plaintiff would have received but for the discrimination by Defendant, and for the willful violations of Defendant;

f. Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the discrimination by Defendant, and for the willful violations of Defendant;

g. Awarding Plaintiff all witness fees, court costs, and other litigation costs incurred in this Action, including reasonable attorneys' fees;

h. Awarding Plaintiff compensatory and punitive damages;

i. Awarding Plaintiff pre-judgment and post-judgment interest; and

j. Granting such other relief as may be just and proper.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## SEXUAL HARASSMENT/DISCRIMINATION ON THE BASIS OF SEX

41. Plaintiff incorporates by reference all of her allegations above as though fully set forth herein.

42. Plaintiff, a female, is a member of a protected class.

43. Plaintiff was subjected to unwelcome sexual harassment, including inappropriate sexualized comments and physical conduct by a male coworker.

44. The coworker's harassment of Plaintiff was based on Plaintiff's sex.

45. The harassment was sufficiently severe and pervasive as to alter the conditions of Plaintiff's employment and create an intimidating, hostile, and offensive work environment.

46. Defendant knew or should have known of the sexual harassment of Plaintiff by her coworker Plaintiff because Plaintiff explicitly reported it to multiple managers and human resources personnel.

47. Defendant failed to take prompt and appropriate corrective action to stop the harassment, protect Plaintiff, and/or conduct a meaningful investigation.

48. Defendant intentionally discriminated against Plaintiff on the basis of her sex by failing to stop the harassment, protect Plaintiff, and/or conduct a meaningful investigation.

49. Defendant's actions were in willful and wanton violation of Plaintiff's rights.

50. During Plaintiff's employment with Defendant and when Plaintiff's employment was terminated by Defendant, she was subjected to discrimination on the basis of her sex.

51. The discriminatory treatment to which Plaintiff was subjected includes, but is not limited to, all of the instances alleged above. All of the actions of the individuals described herein were undertaken in their capacities as the employees, agents, and/or authorized representatives of Defendant.

Wherefore, Plaintiff, DECONTEE BARJEBO, respectfully prays this Honorable Court enter judgment against Defendants, AMAZON.COM SERVICES LLC, as follows:

a. Declaring Defendant's practices complained of herein unlawful and in violation of Title VII;

b. Permanently enjoining Defendant, its agents, successors, officers, employees, representatives, attorneys, and those acting in concert with them from engaging in the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

c. Ordering modification or elimination of the practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law, ensuring Defendant will not continue to discriminate against employees on the basis of their sex;

d. Immediately assigning Plaintiff to the position she would now be occupying but for the discrimination by Defendant, and adjusting the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would have received but for the discrimination by Defendant, or awarding Plaintiff front-end and future pay;

e. Compensating and making Plaintiff whole for all earnings, wages, bonuses, and other benefits that Plaintiff would have received but for the discrimination by Defendant, and for the willful violations of Defendant;

f. Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the discrimination by Defendant, and for the willful violations of Defendant;

g. Awarding Plaintiff all witness fees, court costs, and other litigation costs incurred in this Action, including reasonable attorneys' fees;

h. Awarding Plaintiff compensatory and punitive damages;

i. Awarding Plaintiff pre-judgment and post-judgment interest; and

j. Granting such other relief as may be just and proper.

## COUNT III
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## RETALIATION

52. Plaintiff incorporates by reference all of her allegations above as though fully set forth herein.

53. Plaintiff engaged in statutorily protected activity by opposing and formally reporting sexual harassment by her coworker to Defendant's management and human resources personnel.

54. Defendant took intentional and materially adverse employment actions against Plaintiff, including subjecting her to increased scrutiny, issuing unwarranted and disparate disciplinary write-ups, and ultimately terminating her employment.

55. A causal connection exists between Plaintiff's protected activity and the adverse employment actions, as evidenced by factors which include, but are not limited to, the close temporal proximity, the disparate treatment Plaintiff received compared to male coworkers, and the shifting, inaccurate explanations provided for her termination.

56. Defendant's actions were in willful and wanton violation of Plaintiff's rights.

57. During Plaintiff's employment with Defendant and when Plaintiff's employment was terminated by Defendant, she was subjected to retaliation for engaging in protected activities.

58. The retaliatory treatment to which Plaintiff was subjected includes, but is not limited to, all of the instances alleged above. All of the actions of the individuals described herein were undertaken in their capacities as the employees, agents, and/or authorized representatives of Defendant

Wherefore, Plaintiff, DECONTEE BARJEBO, respectfully prays this Honorable Court enter judgment against Defendants, AMAZON.COM SERVICES LLC, as follows:

a. Declaring Defendant's practices complained of herein unlawful and in violation of Title VII;

b. Permanently enjoining Defendant, its agents, successors, officers, employees, representatives, attorneys, and those acting in concert with them from engaging in the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

c. Ordering modification or elimination of the practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law, ensuring Defendant will not continue to retaliate against employees who engage in protected activity;

d. Immediately assigning Plaintiff to the position she would now be occupying but for the retaliation by Defendant, and adjusting the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would have received but for the retaliation by Defendant, or awarding Plaintiff front-end and future pay;

e. Compensating and making Plaintiff whole for all earnings, wages, bonuses, and other benefits that Plaintiff would have received but for the retaliation by Defendant, and for the willful violations of Defendant;

f. Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the retaliation by Defendant, and for the willful violations of Defendant;

g. Awarding Plaintiff all witness fees, court costs, and other litigation costs incurred in this Action, including reasonable attorneys' fees;

h. Awarding Plaintiff compensatory and punitive damages;

i. Awarding Plaintiff pre-judgment and post-judgment interest; and

j. Granting such other relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

DECONTEE BARJEBO

By: /s/ David B. Levin
Attorney for Plaintiff
Law Offices of Todd M. Friedman, P.C.
555 Skokie Blvd., Suite 500
Northbrook, Illinois 60062
Phone: (224) 218-0882
dlevin@toddflaw.com